# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| W INVESTORS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> SHANNON INVESTMENTS, LLC; and BRUCE L. SHANNON, <br><br> Defendants. | Case No. 11-cv-05540 NC <br><br> **ORDER TO REMAND** <br><br> Re: Dkt. Nos. 3, 14, 15 |

Defendants removed this equitable contribution action from state court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. The Court then issued an Order to Show Cause why the action should not be remanded to the San Mateo County Superior Court for lack of subject matter jurisdiction. As the Order explained, Defendants failed to establish diversity of citizenship under 28 U.S.C. § 1332 in their removal filing.

Having reviewed the pleadings in this matter as well as Defendants' response to the Order to Show Cause, the Court has determined that this matter is appropriate for resolution without oral argument. N.D. Civil L.R. 7-1(b). Because complete diversity of citizenship is lacking, the Court orders this matter remanded to state court.

## I. BACKGROUND

On November 16, 2011, Defendants Shannon Investments, LLC and Bruce L. Shannon filed a Notice of Removal from the Superior Court of the State of California, County of San Mateo, CIV 508832, to the United States District Court for the Northern

District of California.  Notice of Removal, Dkt. No. 1.  The asserted basis for this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332.  *Id.*

Defendants asserted that Plaintiff W Investors, LP is a limited partnership organized under the laws of the state of California, with its principal place of business in California.  Dkt. No. 1 at ¶ 3.  They alleged that Defendant Shannon Investments, LLC is a limited liability company organized under Utah law, with its principal place of business in Utah.  *Id.* at 4.  They also alleged that Bruce Shannon is an individual that resides in the state of Utah.  *Id.* at ¶ 5.

On December 15, 2011, the Court issued an Order to Show Cause why this case should not be remanded to state court for lack of subject matter jurisdiction.  Dkt. No. 14.  In the response to Order to Show Cause (Dkt. No. 15), Defendants identified the citizenship of each of the partners of Plaintiff W Investors, LP as California.  Dkt. No. 15, Exh. 1.  Defendants identified the citizenship of the members of Shannon Investments, LLC as follows: (1) Bruce L. Shannon, trustee of the Bruce L. Shannon revocable trust, is a citizen of Utah, and (2) Ruth B. Shannon, trustee of the Shannon Lifetime Trust, is a citizen of California.  Dkt. No. 15.

## II. DISCUSSION

The Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a removed action whether the parties raised the issue or not.  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) (noting that a district court has power to remand a case sua sponte when it lacks subject matter jurisdiction).  Federal courts are courts of limited jurisdiction, and the court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  "The strong presumption against removal jurisdiction means that the

defendant always has the burden of establishing that removal is proper." *Id.*

Defendants removed this action based on diversity jurisdiction under 28 U.S.C. § 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, the Court finds that subject matter jurisdiction is lacking. In the Notice of Removal, Defendants asserted that Plaintiff is a citizen of the state of California and that Defendants are citizens of the state of Utah. Dkt. No. 1 at ¶ 3. This assertion was incorrect as a limited partnership's citizenship can be determined only by reference to the citizenship of each of its members. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990)). This citizenship rule applies to limited liability companies as well. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Solberg v. NDEx West, L.L.C.*, No. 10-cv-4600 SBA, 2011 U.S. Dist. LEXIS 39947, at *6 (N.D. Cal. Mar. 31, 2011). The Response to Order to Show Cause reveals that defendant Shannon Investments, LLC is a citizen of both California and Utah. *See* Dkt. No. 15. Because Plaintiff W Investors, LP is also a citizen of California, complete diversity is lacking.

### III. ORDER

Defendants have failed to meet their burden of showing that removal was proper. The Court orders that this action be REMANDED to the Superior Court of the State of California, County of San Mateo.

IT IS SO ORDERED.

DATED: January 13, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge